IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-WRW |
| | : | 4:08CV03385-WRW |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| **SHARON HICKS and DON HICKS** | : | PLAINTIFFS |
| v. | : | |
| **PFIZER, INC., et. al.** | : | DEFENDANTS |

**ORDER**

Pending is Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8).

**I.    BACKGROUND**

Plaintiffs, who are residents of neither Arkansas nor Minnesota, were part of a multi-plaintiff complaint[1] removed from Benton County (Arkansas) Circuit Court to the Western District of Arkansas on January 26, 2005. The case was transferred on April 25, 2005 to this Court to be part of MDL-1507. On June 15, 2005, the multi-plaintiff complaint was severed, and Plaintiffs were directed to file an individual complaint. Plaintiffs filed their individual complaint in the Eastern District of Arkansas on July 27, 2005.[2] On July 1, 2008, Plaintiffs filed a second, essentially identical, complaint in the District Court of Minnesota.[3] The Minnesota case was transferred by the JPML to the Eastern District of Arkansas on September 29, 2008.

---

[1] *Adkisson, et al. v. Wyeth, et al.*, No. 4:05-CV-00636-WRW (E.D. Ark. April 25, 2005).

[2] *Hicks, et al v. Wyeth, et al.*, No. 4:05CV01033-WRW (E.D. Ark. July 27, 2005).

[3] *Hicks, et al. v. Pfizer, et al.*, No. 0:08-CV-04194 (D. Minn. July 1, 2008).

1

**II.     DISCUSSION**

As Defendants point out Plaintiffs currently have two cases pending in federal court -- one in Arkansas and one in Minnesota -- against the same Defendants, regarding the same issues.

"Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."[4]  A litigant should not be "able to litigate the same issue at the same time in more than one federal court . . . ."[5]  The Eighth Circuit recognizes that the "well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"[6]  Under this "first-filed complaint rule," a court may dismiss the second-filed case and allow Plaintiff to proceed with the case filed first.  Although this rule "is not intended to be rigid, mechanical, or inflexible . . . in the absence of compelling circumstances . . . the first-filed rule should apply."[7]

No compelling circumstances exist that should permit Plaintiffs to proceed with the Minnesota case rather than the Arkansas case. To the contrary, as outlined in the Order entered

---

[4]*Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

[5]*Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 279 (7th Cir. 1988). See also *Remington Rand Corp.-Delaware v. Business Systems, Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (dismissing case that involved "precisely the same parties as the ongoing plenary action presently before the district court); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102 (10th Cir. 1982) (holding that a Court may abate a case "where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."); *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (holding that a Plaintiff who filed identical cases in both the Northern District of Georgia and the Southern District of Georgia, was "entitled to have his claims considered . . . by only one of the courts he has selected.").

[6]*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F2.d 119 (8th Cir. 1985)).

[7]*U.S. Fire Ins. Co.,* 920 F.2d at 488-89 (citations omitted).

earlier today in Plaintiffs' Arkansas case, the circumstances weigh in favor of continuing with Plaintiffs' first-filed case.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8) is GRANTED.  Accordingly, this case is DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of December, 2008.

/s/ Wm. R. Wilson, Jr.  
UNITED STATES DISTRICT JUDGE